# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

WILLIAM D. WEBSTER,

    Plaintiff,

v.

KITSAP COUNTY SHERIFF'S OFFICE, a municipal entity;
KITSAP COUNTY CENTRAL COMMUNICATIONS, a municipal entity;
KITSAP COUNTY DEPUTY SHERIFF COLLEEN SMITH, in her official and personal capacity;
KITSAP COUNTY DEPUTY SHERIFF PATRICK J. DAWSON, in his official and personal capacity;
KITSAP COUNTY DEPUTY SHERIFF FREDERICK N. BREED, in his official and personal capacity;
KITSAP COUNTY DEPUTY SHERIFF JOHN C. LOFTHUS, in his official and personal capacity;
KITSAP COUNTY PROSECUTING ATTORNEY JUSTINE B. ZAUG, in his official and personal capacity,

    Defendants.

Case No. C09-5036FDB

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for a default judgment asserting that as of April 14, 2009, and despite service of the amended complaint upon the defendants, and despite having printed in the Kitsap Sun Newspaper, Bremerton, Washington a Summons for all Defendants in this case, Defendants have not delivered an answer within the 20 days required of Fed. R. Civ. P. 12, and that it has been 46 days since the February 29, 2009 mailing of the Summons and Complaint, 49 days since the physical service of these documents by David Rayner, and 30 days since the publication of notice.

ORDER - 1

Defendants respond that they have not answered in this case because they have never been properly served and that service was defective in at least two ways: First, Plaintiff caused the summons and complaint to be delivered to specific county offices instead of serving the Kitsap County Auditor as required by RCW 4.28.080(1); and second, service by publication is not authorized by any court rule or statute. As to the claims against the Kitsap County Sheriff's Office and Kitsap County Central Communications, municipal departments, Defendants argue federal courts have held since *Brandon v. Holt*, 469 U.S. 464, 472 (1985) that municipal departments cannot be sued separately. *See e.g. Vance v. Santa Clara Co.*, 928 F. Supp. 808, 815-16 (N.D. Cal. 1996)(dismissing department of corrections as improper defendant). Additionally, 42 U.S.C. § 1983 applies to "persons" acting under color of state law. While it is undisputed that a municipality may be sued as a "person" under Section 1983, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Wills v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989). Finally, Defendants articulate the nine specific instances when service by publication is permitted under RCW 4.28.100, and argue that none apply in this case.

The Court having reviewed the Plaintiff's First Amended Complaint, the arguments and submissions of the parties, and the remainder of the record, concludes that Plaintiff's Motion for Entry of Default Judgment is not well taken and must be denied.

ACCORDINGLY, IT IS ORDERED: Plaintiff's Motion for Default Judgment [Dkt. # 11] is DENIED.

DATED this 6th day of May, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2