UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM D. WEBSTER,

    Plaintiff,

    v.

KITSAP COUNTY SHERIFF, et al.,

    Defendants.

Case No. C09-5036 FDB

ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

On January 7, 2010, this Court directed pro se Plaintiff William Webster to show cause why this action should not be dismissed for failure to prosecute. The Order stated that this "case will be dismissed without further notice to Plaintiff on January 29, 2010, unless the Plaintiff responds by filing the required Joint Status Report and Initial Disclosures, participates in the Rule 26 Conference, and sets forth good cause for the failure to comply with Court Rules and Orders."

Plaintiff has failed to comply with the Court's directive. Instead, Mr. Webster response is simply a reiteration of complains that he harbors about this Court's previous orders in this matter.

Fed. R. Civ. P. 16(f) and 41(b) explicitly state that dismissal may be ordered for violation of a court order. When considering whether to dismiss an action for failure to comply court orders, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

ORDER - 1

1 disposition of cases on their merits; and (5) the availability of less drastic sanctions. Malone v.

2 United States Postal Service, 833 F.3d 128, 130 (9th Cir.1987).

3   The first two dismissal factors are the public interest in expeditious resolution of litigation

4 and the trial court's interest in docket control. It is clear that these two factors support dismissal.

5 Plaintiff's dilatory conduct has greatly impeded resolution of the case and prevented this Court

6 from adhering to its trial schedule.

7   Prejudice to the defendant occurs when a plaintiff flouts the discovery rules, fails to comply

8 with pretrial conference obligations and commits repeated violations of local court rules. See

9 Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987); Chism v. National Heritage Life

10 Insurance Co., 637 F.2d 1328, 1331 (9th Cir.1981).

11   Public policy favors deciding cases on the merits and weighs against dismissal. This factor

12 alone, however, does not outweigh the other factors which support dismissal. See Malone, at 133.

13   Finally, the Order to Show Cause warned Plaintiff that the Court may dismiss the matter if

14 Plaintiff did not show cause for his failure to comply with court orders. This warning satisfies the

15 Court's obligation to consider less drastic alternatives to dismissal. See Malone, at 132.

16   After review of the foregoing factors, the Court finds that this matter should be dismissed

17 based on Plaintiff's failure to comply with court orders.

18   ACCORDINGLY;

19   IT IS ORDERED:

20   This action is DISMISSED for failure to prosecute and comply with court orders.

21   DATED this 4th day of February, 2010.

                                          _____
                                          FRANKLIN D. BURGESS
                                          UNITED STATES DISTRICT JUDGE

26 ORDER - 2